UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61974-CIV-ALTONAGA/Seltzer

**VITAL PHARMACEUTICALS, INC.**,

    Plaintiff,
v.

**MONSTER BEVERAGE CORPORATION,** *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court at a January 28, 2020 Scheduling Conference [ECF No. 97].  Earlier, on January 23, 2020, the Court entered (1) an Order [ECF No. 89] denying without prejudice several motions [ECF Nos. 39, 40, 52, 54, 58, 60, 66] and setting a scheduling and case management conference, and (2) an Order [ECF No. 91] requiring Plaintiff to perfect service on Defendants, Laura Dawson, John Does 1-200, Jane and John Doe Influencers 1-200, and ABC Corporations 1-100 by February 4, 2020.  For the reasons stated in open court, it is

**ORDERED AND ADJUDGED** as follows:

1. By **February 4, 2020**, Plaintiff shall file proofs of service on all non-served Defendants in accordance with the January 23, 2020 Order **[ECF No. 91]**.  No additional defendants may be added to the case after this date.

2. By **February 21, 2020**, Plaintiff shall file an amended complaint addressing any deficiencies related to both jurisdictional and substantive allegations.  Plaintiff may not pursue discovery from subpoenaed non-parties until the amended complaint is filed.  No motion shall be filed in response to the amended complaint until all jurisdictional issues have been resolved.

CASE NO. 19-61974-CIV-ALTONAGA/Seltzer

3. By **February 27, 2020**, the parties, except parties challenging personal jurisdiction, shall exchange their initial disclosures in accordance with their stipulation discussed at the Scheduling Conference.

4. By **February 28, 2020**, any Defendants wishing to challenge personal jurisdiction shall file a combined notice advising of their intention to do so.  The Court will hold a hearing to address Plaintiff's right to take jurisdictional discovery, a schedule for the taking of jurisdictional discovery, and the briefing schedule for any motion challenging personal jurisdiction.

5. Pursuant to 28 U.S.C. section 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge assigned to the case. Furthermore, pursuant to 28 U.S.C. section 636(c)(1), the parties may consent to trial and final disposition by the Magistrate Judge.

6. The Magistrate Judge holds a regular discovery calendar. **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge so directs at his discovery calendar.** Counsel must confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before noticing the dispute for the discovery calendar.  The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.  If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall not file written motions. Rather, the "moving party" shall contact the chambers of the Magistrate Judge and place the matter on the next available discovery calendar.

CASE NO. 19-61974-CIV-ALTONAGA/Seltzer

**DONE AND ORDERED** in Miami, Florida, this 29th day of January, 2020.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record