UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61974-ALTONAGA/Strauss

**VITAL PHARMACEUTICALS, INC.,**

    Plaintiff,

v.

**MONSTER BEVERAGE CORPORATION,** *et al.***,**

    Defendants.
_____/

## ORDER SETTING *TELEPHONIC* DISCOVERY HEARING

**THIS CAUSE** is before the Court on referral [*see* DE 99] from the District Court for appropriate disposition of all discovery matters. The Court has been contacted by counsel for Plaintiff for the purpose of scheduling a hearing concerning Markerly, Inc.'s ("Markerly") responses to discovery. Accordingly, the Court **ORDERS** as follows:

**Discovery Hearing**: A *telephonic* hearing on Markerly's discovery responses will be held on **April 24, 2020 at 1:00 p.m.** before United States Magistrate Judge Jared M. Strauss. The hearing will be **telephonic only**. Attendance may be made by dialing **(888) 557-8511.** The access code is **9883094.** All parties must dial in **no later than 12:50 p.m.** on the date of the hearing. The parties shall not use speakerphone. In addition, the parties should avoid using a cell phone if possible. Other attendees must keep their phone on mute.[1] By **no later than Monday, April 20, 2020,** counsel for Plaintiff and Markerly shall confer and prepare a Joint Discovery Status Report, identifying the issues/discovery requests to be considered.

---

[1] Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry or denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**Discovery Status Report**. The Joint Discovery Status Report shall be signed by all counsel and filed with the Court by the deadline above. Counsel for the moving party shall also email a copy of the Joint Status Report in Word or WordPerfect format to strauss@flsd.uscourts.gov. The Joint Status Report must set forth the following information for the unresolved discovery issues: (1) the verbatim request; (2) the verbatim response; (3) a **succinct** summary of each party's position (**not a memorandum of law**); and (4) the result of the parties' meet and confer. The parties may group the discovery requests by issue, as appropriate. The information must be presented in chart form as set forth below, addressing one discovery request/issue per page:

| Request No. [ ]: [VERBATIM REQUEST] | | |
|---|---|---|
| Response:      [VERBATIM RESPONSE] | | |
| Movant's Position: | Opponent's Position: | [LEAVE BLANK FOR COURT USE] |

**Discovery Procedures.** The Court does not recognize generalized boilerplate objections. *See, e.g., Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless.' "); *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008) ("[G]eneralized objections, which purport[] to object to each and every category of documents, are

not recognized by this Court."). Boilerplate objections may also border on a frivolous response to discovery requests. *Steed v. Everhome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009).

"Parties shall not recite a formulaic objection followed by an answer to the request. . . . Such objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered." *Guzman v. Irmadan, Inc*., 249 F.R.D. 399, 401 (S.D. Fla. 2008).

The undersigned enforces Fed. R. Civ. P. 37(a)(5) where warranted.

**Written Motions**: No written discovery motions or memoranda of law, including motions to compel and motions for protective order, shall be filed unless requested by the Court.

**Resolution of Issues Prior to Hearing**: Even though a hearing has been set, the parties are encouraged to continue negotiating a resolution of disputed discovery matters. If those efforts are wholly successful, then counsel should so inform Chambers as soon as possible to cancel the hearing. Similarly, if the parties resolve some, but not all, of their issues before the hearing, counsel should so inform Chambers to avoid the unnecessary expenditure of judicial resources on matters no longer in dispute. **Upon review of the Joint Discovery Status Report, the Court will make a final determination whether to proceed with the scheduled hearing. Unless an Order Cancelling Hearing is entered, the hearing will take place as scheduled. Regardless, the discovery status conference scheduled for the same date and time will proceed.**

**Professionalism of Counsel.** The Court expects all parties to act courteously and professionally in the resolution of discovery disputes. The Court may impose sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of April 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF